## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DOUGLAS G. RICHARDSON,** | |
| Plaintiff, | Case No.  1:22-cv- |
| v. | PATENT CASE |
| **POND5, Inc.** | JURY TRIAL DEMANDED |
| Defendant(s). | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff **DOUGLAS G. RICHARDSON** ("Doug Richardson" or "Plaintiff") files this Complaint against Pond5, Inc ("Pond5" or "Defendant") for infringement of U.S. Patent Nos. 7,388,587 ("the '587 patent"), 7,629,977 (the '977 patent), 8,035,644 ("the '644 patent"), 11,232,768 ("the '768 patent") and 11,263,998 ("the '998 patent") (collectively, the "patents-in-suit").

### THE PARTIES

1.      Plaintiff, DOUGLAS G. RICHARDSON is an individual residing in the State of Texas at 101 Autumn Lane. Dripping Springs, Texas 78620.

2.      Defendant, Pond5, Inc is a Delaware Corporation, having its Headquarters at 251 Park Avenue South, 7th Floor New York, NY 10010.

### JURISDICTION AND VENUE

3.      Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338(a) (jurisdiction over patent actions).

1

4.     Pond5 is subject to personal jurisdiction in this Court.  In particular, this Court has personal jurisdiction over Pond5 because Pond5 has its Headquarters within this jurisdiction and has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District.  Furthermore, on information and belief, this Court has personal jurisdiction over Pond5 because it has committed acts giving rise to Plaintiff's claims for patent infringement within and directed to this District.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).  Pond5 has committed acts of infringement in this judicial district and has a regular and established place of business in this district.  Specifically, Pond5's Headquarters and place of business is at 251 Park Avenue South, 7th Floor New York, NY 10010.

6.     On information and belief, Pond5 has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in New York and in this judicial district.

## THE INVENTOR OF THE PATENTS-IN-SUIT

7.     Doug Richardson (pictured below) lives in Dripping Springs, Texas.  He is the named inventor on the patents-in-suit.



8.      Mr. Richardson has worked in various capacities as a professional photographer. Starting with his college internship at the Texas Parks and Wildlife Department, Mr. Richardson has worked for more than two decades shooting for sports publications, commercial videos, and online advertising.

9.      In the late 1990s, Mr. Richardson worked for the University of Texas as a photographer for the UT Cheerleading Team.

10.     In 2001, Mr. Richardson switched to digital photography and in 2005 invented the "Cinegif," an image having an isolated area of motion that draws the viewer's eye to a particular area of the image.

11.     Advertisers immediately recognized the value of focusing attention on a specific part of an image and engaged Mr. Richardson to provide his Cinegifs via his patent-pending methods and/or products.

12.     For instance, Mr. Richardson provided Cinegifs for Jaguar Land Rover of Austin that appeared in online media advertising beginning in 2005.  His Cinegifs garnered immediate and extensive attention.

13.     Advertisers across industries from automotive marketing to real estate to healthcare have used Mr. Richardson's Cinegifs to attract customers and increase click-through rates.

14.     More recently, Mr. Richardson provided his Cinegifs for Maserati of Austin, Keller Williams Realty, Century 21 Realty, John Deere, Kraft, Starwood Resorts, Chick-fil-A, and Deep Eddy Vodka.

## GENERAL ALLEGATIONS

15.     Pond5 uses, sells, offers to sell, imports into the United States and/or exports from the United States images as claimed and/or otherwise engages in practices that infringe one or more claims of the patents-in-suit.

16.     Mr. Richardson began communicating with Mr. Tom Bennett back in June of 2011. At that time Mr. Bennett was the acting CEO and co-founder of Pond5, and upon information and belief he is still the CEO of Pond5.

17.     On June 17th, 2011 Mr. Richardson sent Mr. Bennett an email telling him "...I am finding a good amount of footage you have that we are interested in. We would like to know more about how many are 'royalty free' and how we can work together on compressing your footage with our software and reselling in a .gif format." Mr. Bennet replied on June 30th saying "Sorry about the delayed response...Happy to set up a phone call if you'd like to discuss." On the same day Mr. Richardson wrote to Mr. Bennett and said "Great thanks for writing back. I will give you a call at 2:00pm your time on Thursday the 7th...". Nothing was achieved during that phone call so they put the communication on hold for a few years.

18.   Beginning in March of 2016 Mr. Richardson and Mr. Bennett began interacting again via LinkedIn.



When the message is read in LinkedIn the gif animation is playing as it is now. Mr. Richardson was showing how his patented technology worked in this message in which Mr. Bennett responded to.

19.   Two days after Mr. Bennett verified receiving Mr. Richardson's message on LinkedIn an email was sent to Mr. Bennett. "Tom, Thanks for writing back on LinkedIn. We are looking to either sell or license the IP and this is a short 4 page PPT describing the patents, how they work and some of the users."

20.   Mr. Richardson did not hear back from Mr. Bennett so on May 29, 2017, he sent him a message via LinkedIn "Tom, this is Doug Richardson once again. I would like to talk with you regarding Cinemagraph and my patents on the IP dating back to 2005. Please give me a call anytime...or send me an email at dougusa77@gmail.com." Mr. Richardson never got a response.

21.   Mr. Richardson had previously sent Mr. Bennett an email on April 17, 2016

describing his patent technology. "The technology of the patent portfolio is highly related to the GIF technology of interest to Pond5...The portfolio current includes United States Patent Nos. 7388587, 7629977, 8035644, and 8487939...We have enclosed copies of the patents herewith for your review...We have also included a short document related to the patents/pending application, technology, and markets impacted...We would like to engage Pond5 to see if there is any potential interest in the patent portfolio." Mr. Richardson did not get a response to this email.

22.     On information and belief, Pond5 has been advertising, marketing importing into the United States and/or exporting outside of the United States and selling Mr. Richardson's Cinegifs since at least 2016, after receiving notice from Mr. Richardson of the patents-in-suit that had issued prior to that date.  Specifically, Pond5, markets and sells images that include what Pond5 refers to as a "Cinemagraph." A link from Pond5 marketing the sale of Cinemographs was available since at least as early as July 14, 2016:

https://www.google.com/search?q=Pond5+cinemagraph+2016&sxsrf=ALiCzsZE4fjFoYYgCXawYpZ-3tojL4sHjg%3A1654765691629&ei=e7ihYqjsJcuqqtsPg_S5mAY&ved=0ahUKEwjolfHJgqD4AhVLlWoFHQN6D mMQ4dUDCA0&uact=5&oq=Pond5+cinemagraph+2016&gs_lcp=Cgdnd3Mtd2l6EAM6BwgEEEcQsAM6BQgh EKABSgQIQRgASgQIRhgAUPIHWNsMYMERaAFwAHgAgAG8AogBuwOSAQcwLjEuMC4xmAEAoAEByA EDwAEB&sclient=gws-wiz.



https://www.pond5.com › Footage › timelapse

**Brest, France - July 14, 2016: Cinemagra... | Stock Video | Pond5**

Brest, France - July 14, **2016**: **Cinemagraph**, Maritime Festival, **2016**, Timelapse. Item ID: 65212465. By: arzawen. Editorial...

Pond5 · arzawen · Jul 14, 2016

23.     Pond5 has infringed and continues to infringe the patents-in-suit by, using, displaying, selling, offering to sell, importing into the United States or exporting from the United

States images with Pond5's Cinemagraphs including Pond5's online images (the "Accused Products").

24.     Pond5 promotes infringing Cinemagraphs, advertising them in the Google search engine, which are available at:

https://www.google.com/search?q=pond5+cinemagraph&rlz=1C5CHFA_enUS830US830&oq=pond5+cinemagraph&aqs=chrome..69i57.7120j0j15&sourceid=chrome&ie=UTF-8



25.     Upon information and belief, Pond5 sells Cinemagraphs on its website at a high volume, in an amount not yet determined.



Available at: https://www.pond5.com/stock-footage/tag/cinemagraph/?gclid=EAIaIQobChMIy9u4pZXz9gIV7xvUAR0N1QeJEAAYASAAEgLLM_D_BwE

26.     Pond5 actively induces others to infringe the method claims of the patents-in-suit (the "Accused Methods") by promoting infringement of the Accused Methods on YouTube and other

social media.

27.     For example, in a YouTube tutorial that has been actively marketed by Pond5 since at least as early as December 10, 2018, see https://www.youtube.com/watch?v=R5ZJQqRSj_4 where Pond5 describes how to make a Cinemagraph using Adobe Premiere Pro, by infringing Mr. Richardson's patented technology (at 2:16 through 2:52), which providers of the Cinemagraphs to Pond5, have been using to infringe the patents-in suit. Available at: https://blog.pond5.com/22446-how-to-make-a-cinemagraph-in-premiere-pro-or-after-effects/. Pond5 also gives similar recommendations in a Blog, available at: https://blog.pond5.com/13600-why-you-should-always-capture-clean-background-plates-for-post-production/.



28.     Pond5 gives step by step instructions, encouragement and direction how to create a Cinemagraph which use and infringe the plaintiff's technology.

• See the other links where Pond5 advertises and actively promotes others to infringe the patented method:

        Pond 5 Blog: https://blog.pond5.com/22446-how-to-make-a-cinemagraph-in-premiere-pro-or-after-effects/
        Pond5 Blog: https://blog.pond5.com/13600-why-you-should-always-capture-clean-

background-plates-for-post-production/
WordPress: https://jeffvlog.wordpress.com/2019/01/09/how-to-make-a-cinemagraph-in-premiere-pro-or-after-effects/
Twitter: https://mobile.twitter.com/philvinterfilm/with_replies
Twitter: https://twitter.com/seaneditor
Pond5 Contributor: https://contributor.pond5.com/what-to-create/contributor-tips/page/6/
Accueil Blog: https://cmjn.org/blog/how-to-create-a-cinemagraph-in-adobe-premiere-pro/
AR-state: https://ar-state.com/v/gma_gLXVhridk5c/how-to.html

29.     The Accused Methods are designed and used to practice the patents-in-suit.

30.     Pond5's customers and other end users of the Accused Methods have directly infringed and continue to directly infringe the patents-in-suit by using and/or selling the Accused Products. Through its promotional materials, customer support, and/or sales and marketing activities, Pond5 solicits, instructs, encourages, and aids and abets its customers to infringe the patents-in-suit by practicing the Accused Methods, and to purchase, sell, import, export and use the Accused Products and images produced, and by using the plaintiff's patented method without a license or compensation to plaintiff.  Examples of such materials are shown above.

31.     Pond5 has had notice and specific knowledge of the patents-in-suit since at least April 19, 2016 (see allegations at paragraph 21).

32.     Pond5's ongoing actions are done with specific intent to directly infringe, or actively induce infringement of one or more claims of each of the patents-in-suit.

33.     Mr. Richardson is the owner of the patents-in-suit.

34.     Pond5 has not obtained a license to any of the patents-in-suit.

35.     Pond5 does not have Mr. Richardson's permission to make, use, sell, offer to sell, imports or exports products or otherwise engage in practices that are covered by one or more claims of any of the patents-in-suit.

36.     Pond5 needs to obtain a license to the patents-in-suit and cease its ongoing

9

infringement.

37.     Mr. Richardson has been and continues to be damaged as a result of Pond5's infringing conduct.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 7,388,587)

38.     Plaintiff incorporates paragraphs 1 through 37 herein by reference.

39.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

40.     The '587 patent, entitled "Method For Embedding Animation In Electronic Mail And Websites," duly and legally issued on June 17, 2008.

41.     The inventions claimed in the '587 patent relate to improved methods and computing products for creating animations for efficient electronic communications.

42.     Plaintiff is owner the '587 patent with all rights to the '587 patent, including the right to enforce, sue, and recover damages for past and future infringement.  A true and correct copy of the '587 patent is attached hereto as Exhibit 1 and is incorporated by reference.

43.     Each claim in the '587 patent is presumed valid and directed to patent eligible subject matter.

44.     Each claim in the '587 patent claims patent-eligible subject matter under 35 U.S.C. § 101.

45.     The '587 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

46.     The '587 patent has been enforced litigations and has been licensed to numerous

licensees.

## INDIRECT INFRINGEMENT--ACTIVE INDUCEMENT – 35 U.S.C. § 271(b))

47.     Defendant has, and continues to, indirectly infringe one or more of claims 1, 3, 4, 5 and 6 of the '587 patent by actively inducing direct infringement by others of the Accused Methods.

48.     Defendant has had knowledge of the '587 patent since at least April 17, 2016, when it was notified by Mr. Richardson (see Para. 21).

49.     On information and belief, despite having knowledge of the '587 patent, Defendant specifically instructs and actively encourages others to practice the Accused Method in a manner that infringes the '587 patent. For example, Defendant's Blogs, videos, and promotional, advertising, teach and encourage end users to practice the Accused Method to create infringing Cinemagraphs. *See, e.g.,* supra ¶¶ 26-30; see also, Plaintiff's Infringement Contentions in a detailed Claim Comparison Chart comparing Claims 1, 3, 4, 5 and 6 of the '587 patent to the Accused Method, attached as Exhibit 2 and materials cited therein, filed with this Complaint.

50.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '587 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

51.     Defendant is liable for these infringements of the '587 patent pursuant to 35 U.S.C. § 271 (b).

52.     Upon information and belief, defendants' conduct in infringing actively inducing infringement of the claims of the '587 patent has been knowing, wanton and willful.

53.     Plaintiff has been damaged as a result of Defendant's infringing conduct described

in this Count.  Defendant is, thus, liable to Plaintiff for treble damages and Attorney's fees, in an

amount that adequately compensates Plaintiff for Defendant's infringing acts, which, cannot be less

than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §

284.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 7,629,977)

54.     Plaintiff incorporates paragraphs 1 through 53 herein by reference.

55.     This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. §§ 271, et seq.

56.     The '977 patent, entitled "Embedding Animation in Electronic Mail and

Websites," duly and legally issued on December 8, 2009.

57.     The inventions claimed in the '977 patent relate to improved methods and

computing products for creating animations for efficient electronic communications.

58.     Plaintiff is owner of the '977 patent with all rights to the '977 patent including the

exclusive right to enforce, sue, and recover damages for past and future infringement.  A true and

correct copy of the '977 patent is attached hereto as Exhibit 3 and is incorporated by reference.

59.     Each claim in the '977 patent is presumed valid and directed to patent eligible

subject matter.

60.     Each claim in the '977 patent claims patent-eligible subject matter under 35

U.S.C. § 101.

61.     The '977 patent is valid, enforceable and was duly issued in full compliance with

Title 35 of the United States Code.

## INDIRECT INFRINGEMENT--ACTIVE INDUCEMENT – 35 U.S.C. § 271(b))

62.     Defendant has, and continues to, directly infringe one or more claims of the '977 patent in this judicial district and elsewhere in New York and the United States.

63.     In particular, Defendant has, and continues to, infringe at least one or more of claims 1, 2-4, 5, 6 and 8 of the '977 patent by actively inducing direct infringement by others of the Accused Methods.

64.     Defendant has had knowledge of the '977 patent since at least April 17, 2016, when it was notified by Mr. Richardson (see Para. 21).

65.     On information and belief, despite having knowledge of the '977 patent, Defendant specifically instructs and actively encourages others to practice the Accused Method in a manner that infringes claims 1, 2-4, 5, 6 and 8 of the '977 patent. For example, Defendant's Blogs, videos, and promotional, advertising, teach and encourage end users to practice the Accused Method to create infringing Cinemagraphs. See, e.g., supra ¶¶ 26-30; see also, Plaintiff's Infringement Contentions in a detailed Claim Comparison Chart comparing claims 1, 2-4, 5, 6 and 8 of the '977 patent to the Accused Method, attached as Exhibit 4 and materials cited therein, filed with this Complaint.

66.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '977 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

67.     Defendant is liable for these infringements of the '977 patent pursuant to 35 U.S.C. § 271 (b).

68.     Upon information and belief, defendants' conduct in infringing actively inducing infringement of the claims of the '977 patent has been knowing, wanton and willful.

69.     Plaintiff has been damaged as a result of Defendant's infringing conduct

described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately

compensates Plaintiff for Defendant's infringing acts, which, due to defendant's knowing, wanton

and willful acts may be trebled and Attorney's fees awarded under 35 U.S.C. §§ 284 and 285, but

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court

under 35 U.S.C. § 284.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 8,035,644)

70.     Plaintiff incorporates paragraphs 1 through 69 herein by reference.

71.     This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. §§ 271, et seq.

72.     The '644 patent, entitled "Method for Embedding Animation in Electronic Mail

and Websites," duly and legally issued on October 11, 2011.

73.     The inventions claimed in the '644 patent relate to a Method for Embedding

Animation in Electronic Mail and Websites (the "Accused Method") and an Electronic Message

which contains a Cinemagraph (the "Accused Product").

74.     Plaintiff is the owner of the '644 patent with all rights to the '644 patent including

the exclusive right to enforce, sue, and recover damages for past and future infringement. A true

and correct copy of the '644 patent is attached hereto as Exhibit 5 and is incorporated by

reference.

75.     Each claim in the '644 patent is presumed valid and directed to patent eligible

subject matter.

76.     Each claim in the '644 patent claims patent-eligible subject matter under 35

U.S.C. § 101.

77.     The '644 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

78.     Defendant has, and continues to, directly infringe one or more claims of the '644 patent in this judicial district and elsewhere in New York and the United States.

79.     On information and belief, despite having knowledge of the '644 patent, Defendant has, and continues to, infringe at least one or more of claims 8, 10 and 12 of the of the '644 patent by, among other things, making, using, offering to sell, selling, importing or exporting the Accused Products into the United States.

80.     In particular, Defendant has, and continues to, infringe at least one or more of claims 8, 10 and 12 of the '644 patent by hosting an electronic messages containing cinemagraphs on their website, embedding Cinemagraphs in electronic communications (email) and on their webpage and importing, exporting and selling the Accused Products using electronic communications containing cinemographs from their website.

81.     Defendant has had knowledge of the '644 patent since at least April 17, 2016, when it was notified by Mr. Richardson (see Para. 21).

82.     On information and belief, despite having knowledge of the '644 patent, Defendant promotes the Accused Products on the Google Search engine and upon information and belief, sells the Accused Products at a high volume, hosting the Accused Products on their website and sending them in electronic communications to purchasers, inside and outside of the United States, thereby directly infringing claims 8, 10 and 12 of the of the '644 patent. See, e.g., supra ¶¶ 22-26; see also, Plaintiff's Infringement Contentions in a detailed Claim Comparison Chart comparing claims 8, 10 and 12 of the of the '644 patent to the Accused Products, attached as Exhibit 6 and materials cited therein, filed with this Complaint.

83.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '644 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

84.     Defendant is liable for these infringements of the '644 patent pursuant to 35 U.S.C. § 271 (a).

85.     Upon information and belief, defendants' conduct in infringement of the claims of the '644 patent has been knowing, wanton and willful.

86.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.

87.     Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringing acts, which, due to defendant's knowing, wanton and willful acts may be trebled and Attorney's fees awarded under 35 U.S.C. §§ 284 and 285, but cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

88.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '644 patent by inducing direct infringement by users of the Accused Methods.

89.     In particular, Defendant has, and continues to, infringe at least one or more of claims 1, 2, 3, 5, and 6 of the '644 patent by actively inducing direct infringement by others of the Accused Methods.

90.     Defendant has had knowledge of the '644 patent since at least April 17, 2016, when it was notified by Mr. Richardson (see Para. 21).

91.     On information and belief, despite having knowledge of the '644 patent, Defendant specifically instructs and actively encourages others to practice the Accused Method in a manner that infringes claims 1, 2, 3, 5, and 6 of the '644 patent. For example, Defendant's Blogs, videos, and promotional, advertising, teach and encourage end users to practice the Accused Method to create infringing Cinemagraphs. See, e.g., supra ¶¶ 26-30; see also, Plaintiff's Infringement Contentions in a detailed Claim Comparison Chart comparing claims 1, 2, 3, 5, and 6 of the '644 patent to the Accused Method, attached as Exhibit 6 and materials cited therein, filed with this Complaint.

92.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '644 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

93.     Defendant is liable for these infringements of the '644 patent pursuant to 35 U.S.C. § 271 (b).

94.     Upon information and belief, defendants' conduct in infringing actively inducing infringement of the claims of the '644 patent has been knowing, wanton and willful.

95.     Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringing acts, which, due to defendant's knowing, wanton and willful acts may be trebled and Attorney's fees awarded under 35 U.S.C. §§ 284 and 285, but cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV (INFRINGEMENT OF U.S. PATENT
## NO. 11,232,768)

96.     Plaintiff incorporates paragraphs 1 through 94 herein by reference.

97.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

98.     The '768 patent, entitled "Embedding Animation in Electronic Mail, Text Messages and Websites," duly and legally issued on January 25, 2022.

99.     The inventions claimed in the '768 patent relate to a Method for Embedding Animation in Electronic Mail and Websites (the "Accused Method").

100.    Plaintiff is the owner of the '768 patent with all rights to the '768 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '768 patent is attached hereto as Exhibit 7 and is incorporated by reference.

101.    Each claim in the '768 patent is presumed valid and directed to patent eligible subject matter.

102.    Each claim in the '768 patent claims patent-eligible subject matter under 35 U.S.C. § 101.

103.    The '768 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

104.    Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '768 patent by inducing direct infringement by users of the Accused Methods.

105.     In particular, Defendant has, and continues to, infringe at least one or more of claims 1, 4, 7, 15, and 17 of the '768 patent by actively inducing direct infringement by others of the Accused Methods.

106.     Defendant has known or should have known of the '768 patent, in view of specific notice provided of the other related Richardson patents April 17, 2016, when it was notified by Mr. Richardson (see Para. 21).

107.     On information and belief, despite having knowledge of the '768 patent, Defendant specifically instructs and actively encourages others to practice the Accused Method in a manner that infringes claims 1, 4, 7, 15, and 17 of the '768 patent. For example, Defendant's Blogs, videos, and promotional, advertising, teach and encourage end users to practice the Accused Method to create infringing Cinemagraphs. See, e.g., supra ¶¶ 26-30; see also, Plaintiff's Infringement Contentions in a detailed Claim Comparison Chart comparing claims 1, 4, 7, 15, and 17 of the '768 patent to the Accused Method, attached as Exhibit 8 and materials cited therein, filed with this Complaint.

108.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '768 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

109.     Defendant is liable for these infringements of the '768 patent pursuant to 35 U.S.C. § 271 (b).

110.     Upon information and belief, defendants' conduct in infringing actively inducing infringement of the claims of the '768 patent has been knowing, wanton and willful.

111.     Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringing acts, which, due to defendant's knowing, wanton and willful

acts may be trebled and Attorney's fees awarded under 35 U.S.C. §§ 284 and 285, but cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V (INFRINGEMENT OF U.S. PATENT NO. 11,263,998)

112.     Plaintiff incorporates paragraphs 1 through 111 herein by reference.

113.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

114.     The '998 patent, entitled "Embedding Animation in Electronic Mail, Text Messages and Websites," duly and legally issued on March 1, 2022.

115.     The inventions claimed in the '998 patent relate to a Method for Embedding Animation in Electronic Mail and Websites (the "Accused Method") and Electronic Messages and Websites which contains a Cinemagraph (the "Accused Product").

116.     Plaintiff is the owner of the '998 patent with all rights to the '998 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '998 patent is attached hereto as Exhibit 9 and is incorporated by reference.

117.     Each claim in the '998 patent is presumed valid and directed to patent eligible subject matter.

118.     Each claim in the '998 patent claims patent-eligible subject matter under 35 U.S.C. § 101.

119.     The '998 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

120.     Defendant has, and continues to, directly infringe one or more claims of the '998 patent in this judicial district and elsewhere in New York and the United States.

121.     Defendant has known or should have known of the '998 patent, in view of specific notice provided of the other related Richardson patents April 17, 2016, when it was notified by Mr. Richardson (see Para. 21).

122.     On information and belief, despite having knowledge of the '998 patent, Defendant has, and continues to, infringe at least one or more of claims 1-7 of the of the '998 patent by, among other things, making, using, offering to sell, selling, importing or exporting the Accused Products into the United States.

123.     In particular, Defendant has, and continues to, infringe at least one or more of claims 1-7 of the '998 patent by hosting an electronic messages containing cinemagraphs on their website, embedding Cinemagraphs in electronic communications (email) and on their webpage and importing, exporting and selling the Accused Products using electronic communications containing cinemographs from their website.

124.     On information and belief, despite having knowledge of the '998 patent, Defendant promotes the Accused Products on the Google Search engine and upon information and belief, sells the Accused Products at a high volume, hosting the Accused Products on their website and sending them in electronic communications to purchasers, inside and outside of the United States, thereby directly infringing claims 1-7 of the of the '998 patent. See, e.g., supra ¶¶ 22-26; see also, Plaintiff's Infringement Contentions in a detailed Claim Comparison Chart comparing claims 1-7 of the of the '998 patent to the Accused Products, attached as Exhibit 10 and materials cited therein, filed with this Complaint.

125.     Furthermore, Defendant has not provided any information or indication that it has

implemented a design around or otherwise taken any remedial action with respect to the '998 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

126.    Defendant is liable for these infringements of the '998 patent pursuant to 35 U.S.C. § 271 (a).

127.    Upon information and belief, defendants' conduct in infringement of the claims of the '998 patent has been knowing, wanton and willful.

128.    Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.

129.    Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringing acts, which, due to defendant's knowing, wanton and willful acts may be trebled and Attorney's fees awarded under 35 U.S.C. §§ 284 and 285, but cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))**

130.    Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '998 patent by inducing direct infringement by users of the Accused Methods.

131.    In particular, Defendant has, and continues to, infringe at least one or more of claims 8-14 of the '998 patent by actively inducing direct infringement by others of the Accused Methods.

132.    Defendant has known or should have known of the '998 patent, in view of

specific notice provided of the other related Richardson patents April 17, 2016, when it was notified by Mr. Richardson (see Para. 21).

133.     On information and belief, despite having knowledge of the '998 patent, Defendant specifically instructs and actively encourages others to practice the Accused Method in a manner that infringes claims 8-14 of the '998 patent. For example, Defendant's Blogs, videos, and promotional, advertising, teach and encourage end users to practice the Accused Method to create infringing Cinemagraphs. See, e.g., supra ¶¶ 26-30; see also, Plaintiff's Infringement Contentions in a detailed Claim Comparison Chart comparing claims 8-14 of the '998 patent to the Accused Method, attached as Exhibit 10 and materials cited therein, filed with this Complaint.

134.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '998 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

135.     Defendant is liable for these infringements of the '998 patent pursuant to 35 U.S.C. § 271 (b).

136.     Upon information and belief, defendants' conduct in infringing actively inducing infringement of the claims of the '998 patent has been knowing, wanton and willful.

137.     Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringing acts, which, due to defendant's knowing, wanton and willful acts may be trebled and Attorney's fees awarded under 35 U.S.C. §§ 284 and 285, but cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant

Plaintiff the following relief:

a. Judgment that one or more claims of each patent-in-suit have been infringed directly and/or indirectly, literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendants account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. Judgment that Defendants acts of infringement are knowing, willful and wonton;

d. Judgment that Defendants account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

e. Judgment that Defendants pay treble (3x) damages, Plaintiff's costs and Plaintiff's reasonable attorneys' fees, due to the knowing, willful and wonton infringement by Defendants of the claims of Plaintiff's patents-in-suit;

f. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated: June 13, 2022

 /Alan M. Sack/___
 Alan M. Sack (NY Bar #1929538)
 **SACK IP Law p.c.**

*445 Park Avenue          6800 Jericho Tpk.*
*9th Floor                Suite 120W*
*New York, NY 10022       Syosset, NY 11791*
*Tel: (212) 500-1310      Tel: (516) 393-5960*
*Direct Cell: (516) 510-3061*
*Email: Alan.Sack@sack-ip.com*
*Attorneys for Plaintiff, Douglas G. Richardson*